UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN BLACK, #497061,

        Plaintiff,

v.

CASE NO. 2:11-CV-14158
HONORABLE PAUL D. BORMAN

PAROLE BOARD,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING HIS CIVIL RIGHTS COMPLAINT

### I. Introduction

Michigan prisoner Ivan Black ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs so that he may proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff makes the following factual allegations:

> I'm via imprisoned due to a assault (medium) and is being prey to the M.D.O.C. Prisoner in many ways. The Gender Identity Disorder 04.06.184 Policy Directive (F.4) is not being in procedure. I fell and know that very soon if I am not paroled I will have to call someone due to the Michigan Department of Corrections holding me why my name is fraudulently being misused.

He also attaches several pages to his form complaint which contain additional, rambling, and often nonsensical allegations. He names the Parole Board as the defendant in this action and seeks special parole and/or release from custody, bill credit restoration, and monetary damages.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

1

(1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Black v. Corrections Officers*, No. 2:10-CV-13368 (E.D. Mich. Sept. 9, 2010); *Black v. Michigan Dep't of Corrections, et al.*, No. 2:10-CV-12664 (E.D. Mich. July 15, 2010); *Black v. State of Michigan*, No. 2:10-CV-11483 (E.D. Mich. June 11, 2010); *Black v. Michigan Dep't of Corrections*, No. 1:09-CV-01076 (W.D. Mich. Dec. 29, 2009); *Black v. MDOC Bureau of Health Care, et al.*, No. 2:08-CV-11197 (E.D. Mich. April 14, 2008). Plaintiff has also been put on notice that he is a three-striker and had a case dismissed pursuant to 28 U.S.C. § 1915(g). *See Black v. Sosnick*, No. 2:11-CV-13271 (E.D. Mich. Aug. 11, 2011). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has neither alleged nor established that he "is under imminent danger of serious physical injury" so as to fall within the exception to the three strikes provision set forth in 28 U.S.C. § 1915(g). He has thus failed to establish that he should be allowed to proceed *in forma pauperis* despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. Additionally, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. Any such complaint will be reviewed to determine whether it should be served upon the defendant or summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 10-12-11